IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN ALLEN BULLOCK, #A1079054,<br><br>          Petitioner,<br><br>  vs.<br><br>JOHN SCHELL,<br><br>          Respondent. | Civil No. 23-00501 LEK-KJM<br><br>ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS |

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS

      Before the Court is a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition") filed by pro se Petitioner Benjamin Allen Bullock ("Bullock"). ECF No. 1. Bullock is awaiting trial in *State v. Bullock*, No. 1CPC-23-0000283 (Haw. 1st Cir.),[1] for assault against a law enforcement officer in the first degree, in violation of Hawaiʻi Revised Statutes § 707-712.5(1)(a). In the Petition, Bullock challenges the amount of his bail and his continued pretrial detention. ECF No. 1 at PageID.4–PageID.5. Because Bullock failed to exhaust his bail-related claims, those claims are DISMISSED without prejudice. The Court must abstain, pursuant

---

[1] *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1CPC-23-0000283" in "Case ID or Citation Number" field) (last visited Feb. 16, 2024).

to *Younger v. Harris*, 401 U.S. 37 (1971), from considering Bullock's remaining claims.

## I. BACKGROUND[2]

Bullock is in pretrial custody at the Oahu Community Correctional Center ("OCCC"), awaiting trial currently scheduled for April 15, 2024. In the Petition, Bullock challenges his bail amount of $11,000 as excessive under the Eighth Amendment. ECF No. 1 at PageID.5. Bullock further challenges his continued detention. *Id.* at PageID.4. On February 15, 2024, the Court received from Bullock a check for the fee associated with this action. ECF No. 10.

## II. DISCUSSION

### A. Petition for a writ of habeas corpus under 28 U.S.C. § 2241

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A pretrial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241. *See Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).

---

[2] These facts are taken from the Petition and Bullock's state court criminal docket.

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires a district court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**B.     Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).

Although 28 U.S.C. § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted). "Where a petitioner

seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

While there is a narrow exception to the exhaustion requirement for "special circumstances," this is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).  Courts routinely hold that an excessive bail claim does not meet the "special circumstances" standard.  *See*, *e.g.*, *Kanongata'a v. Jones*, 2020 WL 4674268, at *2 (E.D. Cal. Aug. 12, 2020) ("Many courts have held that an excessive bail claim does not meet the special circumstance standards."); *Dudley v. Niell*, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015), *adopted*, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies."); *Lazarus v. Baca*, 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (abstaining from considering bail claim prior to exhaustion, noting "state proceedings provide petitioner with an

adequate opportunity to litigate her constitutional claims."), *aff'd*, 389 F. App'x 700 (9th Cir. 2010).

Bullock has not exhausted his state judicial remedies. Although Bullock has filed two motions for supervised release in state court, he never argued that his bail amount was excessive under the Eighth Amendment. *See* Motion for Supervised Release, *State v. Bullock*, No. 1CPC-23-0000283 (Haw. 1st Cir. May 1, 2023), Dkt. 35; Motion for Supervised Release, *State v. Bullock*, No. 1CPC-23-0000283 (Haw. 1st Cir. Oct. 31, 2023), Dkt. 78. In addition, Bullock has not filed a motion to reduce bail. Accordingly, Bullock's claims based on his bail are DISMISSED without prejudice as unexhausted. *See Pitts v. Summerville*, Civil No. 20-00421 LEK-KJM, 2020 WL 6325705, at *2 (D. Haw. Oct. 28, 2020) (dismissing habeas petition based on alleged excessive bail because petitioner failed to exhaust his claims); *McCoy v. Sequeira*, Civ. No. 20-00384, 2020 WL 5604031, at *2 (Sept. 18, 2020 D. Haw.) (same).

C. *Younger* Abstention

Bullock also challenges his continued detention by arguing that he did not possess the requisite mental state to be convicted of the charged offense. ECF No. 1 at PageID.4. Bullock asks the Court, among other things, to "clear this charge off [his] record." *Id.* at PageID.7.

5

The Supreme Court held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Bullock's criminal proceedings are ongoing; his trial is scheduled to begin on April 15, 2024. Second,

6

the State of Hawaii "has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings." *McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020). Third, there are no apparent procedural bars preventing Bullock from raising his claims in his criminal proceeding, on direct appeal, or, if necessary, in a state post-conviction petition. *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide federal constitutional issues."). Fourth, to allow this matter to proceed while the state criminal proceedings are ongoing would "interfere in a way that *Younger* disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). Finally, nothing in the Petition suggests that there are extraordinary circumstances requiring this Court's interference in Bullock's ongoing state court criminal proceedings.

//

//

//

//

## IV.  CONCLUSION

(1)  The Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

(2)  The Clerk of Court SHALL close the file and terminate this action.

IT IS SO ORDERED.

DATED:  February 16, 2024 at Honolulu, Hawai'i.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BENJAMIN ALLEN BULLOCK VS. JOHN SCHELL; CV 23-00501 LEK-KJM; ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**